# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**LEETORIA EDWARDS,**

 **Plaintiff,**

             **CASE NO.:**

**v.**

**EVENING PEDIATRICS, INC.**
**d/b/a YOUR KIDS URGENT CARE,**
**a Florida Profit Corporation;**

 **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

 Plaintiff, LEETORIA EDWARDS ("Plaintiff") through undersigned counsel, files this Complaint against Defendant, EVENING PEDIATRICS, INC. d/b/a YOUR KIDS URGENT CARE, a Florida Profit Corporation ("Defendant"), and states as follows:

### INTRODUCTION

 1. This is an action brought pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"),, Title VII of the Civil Rights Act of 1964, as amended, by the Civil Rights Act of 1991, 42 U.S.C. 2000e *et seq.* ("Title VII"), and also as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), the Americans with Disabilities Act, as amended, ("ADA"), 42 U.S.C.

12101, *et seq.*, and the Florida Civil Rights Act of 1992, Fla. Stat. 760.01 *et seq.* ("FCRA") to recover front pay, back pay, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering damages, liquidated damages, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

2. Plaintiff brings a claim for discrimination and retaliation against Defendant, who subjected Plaintiff to workplace discrimination and retaliation because of her medical condition.

3. Plaintiff was wrongfully terminated as the culmination of discrimination and retaliation against her.

**PARTIES**

4. Defendant, EVENING PEDIATRICS, INC. is a Florida Profit Corporation. At all material times hereto, Defendant maintained a location in Pinellas County, Florida.

5. Plaintiff is an adult individual who resides in Hillsborough County, Florida.

6. Plaintiff was an employee as defined by the laws under which this action is brought.

7. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 50 employees within a 75 mile radius of

Plaintiff's job site.

## JURISDICTION AND VENUE

8. Jurisdiction of this matter arises under 28 U.S.C. §1331 with federal questions involving Title VII. An express grant of federal court jurisdiction over this federal claims is found in Title VII at 42 U.S.C. §2000e-5(f)(3). Jurisdiction over state law claims also arise under the Court's supplemental jurisdiction 28 U.S.C. § 1367.

9. This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff worked for Defendant in Pinellas County, Florida.

10. The illegal conduct complained of and the resultant injury occurred within the judicial district in and for Pinellas County, Florida.

## TITLE VII / PDA / ADA/ FCRA STATUTORY PREREQUISITES

11. Plaintiff is a female "person" who suffered discrimination based on a pregnant condition. As such she is a member of a class of individuals protected by Title VII, the PDA, the ADA and the FCRA.

12. Plaintiff was qualified for her position of employment.

13. Plaintiff suffered an adverse effect upon her employment by ultimately being terminated by Defendant with the motivating or determinative factor used by

Defendant in the decision-making process being Plaintiff's pregnancy, childbirth, need for accommodation, need for FMLA leave or related medical condition(s).

14. Plaintiff suffered from differential application of work or disciplinary rules because Defendant treated Plaintiff differently on the basis of Plaintiff's protected class(es).

15. The Defendant meets the statutory criteria for coverage as an "employer" under Title VII, the PDA, the ADA and the FCRA.

16. Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII, the PDA, the ADA, and the FCRA.

17. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FMLA.

18. At all times material to this action, Defendants were, and continues to be, an "employer" within the meaning of the FMLA.

19. Defendants are an employer under the FMLA because it was engaged in commerce or in an industry affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

20. At all times relevant hereto, Plaintiff worked at a location where Defendants employed 50 or more employees within a 75 mile radius.

21. At all times relevant hereto, Plaintiff was an employee entitled to

leave under the FMLA, based on the fact that she was employed by Defendants for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her taking leave which would be protected pursuant to the FMLA.

22. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 23, 2021 which is within 300 days of the last date of Defendant's alleged discriminatory and retaliatory conduct. Plaintiff was issued a right-to-sue letter by the EEOC on December 15, 2022. Therefore this complaint is being filed within 90 days of receiving her right to sue letter.

23. Accordingly Plaintiff has completed all other FMLA, Title VII, the PDA, the ADA, and the FCRA requirements and all other prerequisites prior to bringing this lawsuit.

24. Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

25. Plaintiff began her employment with Defendant on December 2009 and held the position of ARNP at the time of her unlawful termination on or around August 28, 2020.

26. On or around May 21, 2020, Plaintiff learned she was pregnant and immediately informed the Defendant regarding the same.

27. During her tenure with the Company, Plaintiff never faced any write ups or coaching over her performance and was a model employee.

28. On or around June, 18, 2020, Ms. Edwards was informed a medical assistant in her facility had tested positive for COVID-19 and was hospitalized.

29. Dawn Howell, Office Administrator, approached Ms. Edwards and advised her "given the circumstances, she could not work at Evening Pediatrics while pregnant."

30. Plaintiff disagreed and Ms. Howell required Plaintiff to get a release from her OBGYN allowing Ms. Edwards to work against the CDC guidelines.

31. On or about June 20, 2020, Plaintiff submitted a letter from her OBGYN stating there were no guidelines or regulations preventing her from working, and she could continue working while pregnant.

32. Additionally, her doctor stated that Plaintiff could continue to work without seeing COVID-19 patients or at risk patients COVID-19 patients or doing the testing but she could continue to see all other patients with provided PPE as needed.

33. Ms. Howell accepted the note, but forced Plaintiff to sign a waiver stating she would not hold Evening Pediatrics liable if she contracted COVID-19.

34. On or about June 30, 2020, Plaintiff was called into a meeting with Ms. Howell. Ms. Howell advised Plaintiff that due to their hours being cut across the

board (about 25+%), she needed to decide whether to be furloughed or go on leave.

35. Oddly, Plaintiff was the **only** employee asked to furlough or take leave instead of taking a reduced schedule.

36. Upset by Ms. Howell's ultimatum, Ms. Edwards contacted the owner of Evening Pediatrics, Michael Cibron and reached a verbal agreement with him to allow Ms. Edwards to continue working.

37. Specifically, the stipulation was Plaintiff would not see COVID-19 patients in-person. She could speak with COVID-19 patients through TeleMed only, and only treat non-COVID-19 patients in-person. At that time, most of the Defendants' patients were using TeleMed.

38. This agreement held from late June through late August of 2020.

39. On or about August 27, 2020, Plaintiff was working on a busy day where there was a high amount of suspected COVID-19 and/or positive COVID-19 patients.

40. Per her agreement with Mr. Cibron, she was not permitted to see them, which created more work for some of the others. Ms. Howell decided to change how the office was going to be ran that day.

41. Ms. Howell did not want Plaintiff to see suspected COVID-19 and/or positive COVID-19 patients via Telemed rather she wanted Plaintiff to see them in person. This request was in direct violation of the accommodation previously put in

place.

42. On or about August 28, 2020, Plaintiff was called into a meeting with Ms. Howell where Ms. Howell advised she was being terminated.

43. Plaintiff inquired as to the reason for her termination and Ms. Howell would only say it was per the owner and "we're not going to discuss it." Plaintiff asked several times, and Ms. Howell said Evening Pediatrics would not be providing a reason.

44. To add insult to injury, Ms. Howell gave Plaintiff a severance paper offering two paychecks over next 30 days and only three minutes to decide if she would take it. Within said severance agreement, was a waiver of any claims of discrimination.

45. It would appear that Ms. Howell was trying to cover-up the fact that Plaintiff was being terminated based on the fact that she was pregnant and/or was going to need FMLA leave.

46. Plaintiff refused Ms. Howell's offer and the paper was removed and rescinded.

## COUNT I
## VIOLATION OF THE PREGNANCY DISCRIMINATION ACT

47. Paragraphs 1 through 46 are re-alleged and are incorporated herein by reference.

48. Plaintiff's pregnancy was a motivating factor in Defendant's decision

to terminate her employment on August 28, 2020.

49. Defendant's adverse employment actions were in retaliation for Plaintiff's protected actions relating to her pregnancy.

50. Defendant has, with malice or reckless indifference, violated the PDA as incorporated into Title VII by intentionally discriminating against Plaintiff in part because of her pregnancy.

51. As a direct and proximate result of the discrimination described above, Plaintiff has suffered damages including loss of employment, income, benefits, distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits;

   d. Compensatory damages for emotional pain and suffering;

   e. Injunctive relief;

   f. Prejudgment interest;

   g. Costs and attorney's fees; and

   h. Such other relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF CHAPTER 760, FLORIDA STATUTES

52. Paragraphs 1 through 46 are re-alleged and are incorporated herein by reference.

53. This is an action against Defendant for disability discrimination brought under Chapter 760, Florida Statutes as it relates to Plaintiff's pregnancy.

54. Plaintiff has been the victim of discrimination on the basis of her disability or perceived disability. During the course of Plaintiff's employment with Defendant, she was treated differently than similarly situated nondisabled/perceived-as-disabled employees.

55. Defendant is liable for the differential treatment and/or its refusal to accommodate Plaintiff, which adversely affected the terms and conditions of Plaintiff's employment with Defendant. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

56. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

57. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth

herein lead, at least in part, to Plaintiff's termination.

58. Defendant's conduct and omissions constitute intentional discrimination and unlawful employment practices based upon disability or perceived disability or Plaintiff's record of having an impairment under the Americans with Disabilities Act.

59. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to punitive damages and to injunctive relief.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits;

   d. Compensatory damages for emotional pain and suffering;

   e. Injunctive relief;

   f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT III
## RETALIATION – CHAPTER 760, FLORIDA STATUTES

60. Paragraphs 1 through 46 are realleged and incorporated herein by reference.

61. Defendant is an employer as that term is used under the applicable statutes referenced above.

62. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in protected activity under Chapter 760, Florida Statutes, and other statutory provisions cited herein.

63. The foregoing unlawful actions by Defendant were purposeful.

64. Plaintiff engaged in protected activity by alerting Defendants of her pregnancy and asking for reasonable accommodation(s) during Plaintiff's employment with Defendants and was the victim of retaliation thereafter, as related in part above.

65. There is thus a causal connection between the requesting of a reasonable accommodation(s) and the adverse employment action taken thereafter.

66. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages,

loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to punitive damages and to injunctive relief.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

## COUNT IV
## DISCRIMINATION BASED ON SEX IN VIOLATION OF TITLE VII

67. Paragraphs 1 through 36 are realleged and incorporated herein by reference.

68. Plaintiff is a member of a protected class due to her sex (female).

69. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against plaintiff on the basis of her sex in violation of Title VII.

70. Defendant knew or should have known of the discrimination.

71. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

### COUNT V
### RETALIATION IN VIOLATION OF TITLE VII AND THE PREGNANCY DISCRIMINATION ACT

72. Paragraphs 1 through 36 are realleged and incorporated herein by

reference.

73. Plaintiff is a member of a protected class under Title VII because of her sex and because she engaged in protective activities.

74. Plaintiff engaged in protected activity when she told her employer she was pregnant, asked for reasonable accommodations and complained about her supervisor's attempts to cut all of her hours when nobody else was asked to do the same.

75. Defendant retaliated against Plaintiff for the exercise of the rights afforded to her under Title VII as amended by the PDA.

76. Plaintiff was terminated because she engaged in protected activity. There is sufficient causal connection between Plaintiffs' protected activity and her termination due to the close temporal proximity between her protected activity and her termination as well as the related events which took place which are described in greater detail above.

77. Defendant knew, or should have known, of the retaliation, discrimination and harassment that Plaintiff was subjected.

78. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's state and federally protected rights.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

## COUNT VI
## FMLA INTERFERENCE

79. Paragraphs 1 through 36 are realleged and incorporated herein by reference.

80. Plaintiff was an employee entitled to the protection of the FMLA.

81. Defendants were Plaintiff's employer as defined by the FMLA.

82. Defendants' actions interfered with Plaintiff's lawful exercise of her rights under the FMLA.

83. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. § 2601, et seq., because Defendant interfered with Plaintiff's right to take FMLA leave by terminating her employment in anticipation of Plaintiff's need for FMLA leave.

84. The Defendants' actions constitute violations of the FMLA.

85. Defendants' violations of the FMLA were willful.

86. As a result of Defendants' unlawful actions, Plaintiff has suffered damages for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

87. Plaintiff is entitled to recover her attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

### COUNT VII - FMLA RETALIATION

88. Paragraphs 1 through 36 are realleged and incorporated herein by reference.

89. Plaintiff was an employee entitled to the protection of the FMLA.

90. Defendants were Plaintiff's employer as defined by the FMLA.

91. Defendants discriminated and/or retaliated against Plaintiff for asserting her rights under the FMLA.

92. Defendants had actual or constructive knowledge of the discriminatory and/or retaliatory conduct of Plaintiff's supervisor.

93. Defendants' actions constitute violations of the FMLA.

94. Defendants' acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

95. Defendants' discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA covered leave once her child was going to be born.

96. Defendants' conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

97. As a result of Defendants' actions, Plaintiff has suffered damages for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

98. Defendants' violations of the FMLA were willful.

99. Plaintiff is entitled to recover her attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

i. Back pay and benefits;

j. Interest on back pay and benefits;

k. Front pay and benefits;

l. Compensatory damages for emotional pain and suffering;

m. Injunctive relief;

n. Prejudgment interest;

o. Costs and attorney's fees; and

p. Such other relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

DATED this 9th day of March 2023.

Respectfully submitted by,

**/s/ Gregory R. Schmitz**
GREGORY R. SCHMITZ, ESQ.
Florida Bar No.:  0094694
20 North Orange Avenue, 15th Floor
Orlando, Florida 32801
Telephone:  (407) 204-2170
Facsimile:   (407) 245-3401
E-mail: gschmitz@forthepeople.com

mbarreiro@forthepeople.com
*Attorney for Plaintiff*